IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CAROL REVELLO and MICHAEL REVELLO, Individually and as Administrators of the Estate of Andrew Revello, Deceased<br><br>   Plaintiffs,<br><br>vs.<br><br>BUTLER HEALTHCARE PROVIDERS d/b/a BUTLER MEMORIAL HOSPITAL; GEOFFREY MANN, M.D.; BUTLER EMERGENCY PHYSICIAN ASSOCIATES, LTD.; and JOANNE MAHLMEISTER, RN<br><br>   Defendants. | CASE NO.<br><br><br><br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Carol Revello and plaintiff Michael Revello, individually and as the duly appointed Administrators of the Estate of Andrew Revello, by and through undersigned counsel, bring this Complaint seeking relief as follows:

## JURISDICTION AND VENUE

1. Jurisdiction and venue are proper in this Court.

2. The parties to this action are citizens of different states and the matter in controversy as to each defendant exceeds $75,000.00, exclusive of interest and costs.

3. There exists complete diversity of citizenship between the plaintiffs, who are domiciled in the State of Ohio (as was the decedent), and all of the defendants, who are domiciled in the Commonwealth of Pennsylvania.

4. The events giving rise to this Complaint arose in Butler County, Pennsylvania.

5. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1332, and 1391.

6. The parties hereto entered into a lawful and binding Tolling Agreement whereby the parties agreed to extend the Statute of Limitations to the date of this filing and beyond.

## PARTIES

7. Plaintiffs incorporate by reference the allegations in all preceding paragraphs of this Complaint as though fully set forth herein.

8. Plaintiffs Carol Revello and Michael Revello are husband and wife domiciled at 724 Franklin Blvd., Highland Heights, Ohio 44136.

9. Plaintiffs Carol Revello and Michael Revello are the natural parents of plaintiffs' decedent, Andrew Revello (hereinafter "Andrew"), who was also domiciled in the State of Ohio.

10. Plaintiffs Carol Revello and Michael Revello are the duly appointed Administrators for the Estate of Andrew Revello, deceased (hereinafter "Administrators").

11. Both Carol Revello and Michael Revello are each a wrongful death beneficiary under the laws of Pennsylvania including, but not limited to, the Wrongful Death Act, 42 Pa. C.S.A. § 8301.

12. Andrew was born on May 9, 1991 and passed away on July 10, 2013.

13. In May of 2013, Andrew graduated from St. Bonaventure University with a bachelor's degree in Business Administration. Andrew was to return to St. Bonaventure in the fall of 2013 where he was to earn a master's degree in business administration, with income potential of well over $50,000 per annum.

14. At all times relevant hereto, defendant Butler Healthcare Providers *d/b/a* Butler Memorial Hospital ("Hospital") was organized and operating under the laws of the

Commonwealth of Pennsylvania, with a business address at which it regularly conducts business at 1 Hospital Way, Butler, Pennsylvania 16001.

15. At all times relevant hereto, defendant Hospital held itself out to the public as being a hospital facility capable and competent in providing medical care and treatment, including providing emergency medical treatment and services.

16. At all times relevant hereto, defendant Geoffrey Mann, M.D. ("Mann") was a medical doctor licensed to practice medicine in the Commonwealth of Pennsylvania. Defendant Mann is domiciled in the Commonwealth of Pennsylvania.

17. At all times relevant hereto, defendant Joanne Mahlmeister, LPN ("Mahlmeister") was a licensed nurse practitioner. Defendant Mahlmeister is domiciled in the Commonwealth of Pennsylvania.

18. Defendant Butler Emergency Physician Associates, Ltd., ("BEPA") is a medical practice group organized under the laws of the Commonwealth of Pennsylvania, with a business address at which it regularly conducts business at 911 E. Brady Street, Butler, Pennsylvania 16001.

**OPERATIVE FACTS**

19. Plaintiffs incorporate by reference the allegations in all preceding paragraphs of this Complaint as though fully set forth herein.

20. On or about June 1, 2013, Andrew was involved in a significant head-on motor vehicle crash at or near the intersection of State Route 8 and Litman Road in Butler Township, Pennsylvania.

21. Following the crash, Butler Ambulance Service arrived at the crash scene and transported Andrew to defendant Hospital after placing him in a cervical collar and onto a backboard.

22. Andrew arrived at defendant Hospital by stretcher *via* Butler Ambulance Service.

23. Upon arrival at defendant Hospital, Andrew's chief complaints were of low back and bilateral hip pain which he described as constant and throbbing.

24. While at defendant Hospital, Andrew indicated that he was a restrained driver at the time of the crash and that the other vehicle in the crash hit him at a high rate of speed.

25. While at defendant Hospital, Andrew complained of lower back pain going into both hips and complained of being unable to fully lift his left leg without pain.

26. While at defendant Hospital, x-rays were taken of Andrew's pelvis which were ordered by defendant Mann and/or defendant Mahlmeister.

27. Other than the x-rays of Andrew's pelvis, no other x-rays, studies or diagnostic tests were ordered or performed on Andrew while he was at defendant Hospital.

28. Defendant Mann and/or defendant Mahlmeister determined that Andrew needed no further testing other than the aforementioned pelvic x-rays.

29. In less than 3 hours, Andrew was discharged from defendant Hospital.

30. At all times relevant hereto, defendant Mann was the attending emergency room physician at defendant Hospital.

31. At the time of Andrew's discharge from defendant Hospital on June 1, 2013, defendant Mann diagnosed Andrew with "*Motor vehicle accident (MVA) – unspecified injury; Pain – joint, pelvic region.*"

32. At the time of Andrew's discharge from defendant Hospital, he was given a "*Considered differential diagnosis.*"

33. The differential diagnosis at the time of Andrew's discharge from defendant Hospital was rendered by defendant Mann and/or defendant Mahlmeister.

34. At the time of Andrew's discharge from defendant Hospital, he was given discharge instructions by defendant Mann to "*see your doctor in 7-10 days if your symptoms are not rapidly improving.*"

35. At the time of Andrew's discharge from defendant Hospital, the mode of his discharge was *via* an unattended wheelchair.

36. Upon Andrew's discharge from defendant Hospital, he was picked up at the Hospital by William C. Robinson, Jr.

37. At the time of Andrew's discharge from defendant Hospital, he complained of excruciating pain and could not get himself out of the wheelchair and into Mr. Robinson's vehicle without the assistance of both Mr. Robinson and a Hospital nurse.

38. Mr. Robinson specifically called into question whether Andrew should be discharged given Andrew's condition and a Hospital nurse assured him that Andrew was fit to be discharged. The nurse took no further action other than assisting Andrew into the vehicle.

39. On June 2, 2013, Andrew was transported to the emergency department of The Cleveland Clinic Health System - Hillcrest Hospital.

40. Upon presentation to Hillcrest Hospital, Andrew continued to complain of low back pain and presented with bruising to his hips across his pelvis.

41. Hillcrest Hospital performed diagnostic studies to Andrew's spine and abdomen demonstrating that, as a result of the crash, Andrew had actually suffered vertebral fractures of the lumbar spine as well as a perforated colon with extraluminal air and fluid throughout the abdomen.

42. At the time of Andrew's presentation to Hillcrest Hospital, Andrew was also diagnosed with sepsis, peritonitis, fecal peritonitis and a pneuperitoneum.

43. From June 2, 2013 until July 10, 2013, Andrew remained under the constant care of medical providers of The Cleveland Clinic Health System, namely at Hillcrest Hospital and the main campus of The Cleveland Clinic Foundation.

44. On July 10, 2013, Andrew Revello died at age 22.

45. During the time period of June 1, 2013 through his passing on July 10, 2013, Andrew endured severe pain and suffering as well as severe emotional distress.

46. Following Andrew's death, the Medical Examiner's Office of Cuyahoga County, Ohio performed an autopsy of Andrew concluding that Andrew's cause of death was severe sepsis with multi-system organ failure due to blunt force impacts to chest and abdomen, with skeletal and visceral injuries from an automobile accident.

## DAMAGES SOUGHT AGAINST EACH DEFENDANT
## FOR EACH CLAIM OF RELEIF

47. Plaintiffs incorporate by reference the allegations in all preceding paragraphs of this Complaint as though fully set forth herein.

48. Administrators bring claims and seek recovery for the Estate against each defendant to this action for all damage recovery available for a survival action pursuant to Pennsylvania law including, but not limited to, 20 Pa C.S.A. § 3373 and 42 Pa. C.S.A. § 8302. These damages include, but are not limited to, decedent's extreme pain and suffering; decedent's extreme emotional distress; decedent's medical expenses and/or amounts subject to a subrogation interest; decedent's loss of the pleasures and enjoyment of life; decedent's loss of income and loss of earning capacity, retirement income and fringe benefits; decedent's other financial losses suffered as a result of his injuries and damages (hereinafter referred to as "Survival Action Damages").

49. Plaintiff Carol Revello, individually, and Plaintiff Michael Revello, individually, each bring claims and seek recovery against each defendant to this action for all damage recovery available for a wrongful death action under Pennsylvania law including, but not limited to, 42 Pa. C.S.A. § 8301. These damages include, but are not limited to, past and future economic loss; decedent's medical expenses and/or amounts subject to a subrogation interest; decedent's loss of income and loss of earning capacity; retirement income and fringe benefits; loss of consortium, support, companionship, society and affection; the value of lost household services; and all such other damages as are permissible (hereinafter referred to as "Wrongful Death Damages").

**COUNT I**
**CAROL REVELLO, et al. v. GEOFFREY MANN, M.D.**
**Negligence**

50. Plaintiffs incorporate by reference the allegations in all preceding paragraphs of this Complaint as though fully set forth herein.

51. At all times relevant hereto, defendant Mann negligently deviated from the acceptable standard of care in the care and treatment of Andrew in one, some or all of the following particulars:

    a. Failing to perform and/or order additional diagnostic tests for Andrew;

    b. Failing to properly and adequately confirm and/or rule out whether Andrew sustained blunt force abdominal trauma and/or other abdominal injury;

    c. Failing to have Andrew consulted by other medical specialists;

    d. Failing to admit Andrew to defendant Hospital and/or have Andrew transferred to another facility for trauma care and observation;

    e. Failing to appreciate the severity of Andrew's condition and act as a reasonably prudent emergency room physician; and/or

    f. Otherwise being negligent in the care and treatment of Andrew as may be established at the time of trial.

52. Plaintiffs are asserting a professional liability claim against defendant Mann. A Certificate of Merit regarding this defendant is attached as <u>Exhibit A</u>.

53. Plaintiffs bring this professional negligence action against defendant Mann and seek Survival Action Damages and Wrongful Death Damages.

54. As a direct and proximate result of the negligence of defendant Mann, Andrew suffered the harms, damages and losses as set forth above.

55. As a direct and proximate result of the negligence of defendant Mann, Andrew suffered a wrongful death and Carol Revello and Michael Revello are each entitled to Wrongful Death Damages as wrongful death beneficiaries.

56. Defendants to this action are jointly and severally liable.

**WHEREFORE**, Plaintiffs each claim damages and judgment in their favor and against defendant Mann in an amount in excess of $75,000.00 as to each plaintiff, plus costs, interest and damages for delay. JURY TRIAL DEMANDED.

<u>**COUNT II**</u>
<u>**CAROL REVELLO, et al. v. JOANNE MAHLMEISTER, RN**</u>
<u>**Negligence**</u>

57. Plaintiffs incorporate by reference the allegations in all preceding paragraphs of this Complaint as though fully set forth herein.

58. At all times relevant hereto, defendant Mahlmeister negligently deviated from the acceptable standard of care in the care and treatment of Andrew in one, some or all of the following particulars:

   a. Failing to perform and/or order additional diagnostic tests for Andrew;

   b. Failing to properly and adequately confirm and/or rule out whether Andrew sustained blunt force abdominal trauma and/or other abdominal injury;

   c. Failing to have Andrew consulted by other medical specialists;

    d. Failing to appreciate the severity of Andrew's condition and act as a reasonably prudent nurse in her capacity and/or authority; and/or

    e. Otherwise being negligent in the care and treatment of Andrew as may be established at the time of trial.

59. Plaintiffs are asserting a professional liability claim against defendant Mahlmeister. A Certificate of Merit regarding this defendant is attached as <u>Exhibit B</u>.

60. Plaintiffs bring this negligence action against defendant Mahlmeister and seek all recoverable Survival Action Damages and Wrongful Death Damages.

61. As a direct and proximate result of the negligence of defendant Mahlmeister, Andrew suffered the harms, damages and losses as set forth above.

62. As a direct and proximate result of the negligence of defendant Mahlmeister, Andrew suffered a wrongful death and Carol Revello and Michael Revello are each entitled to recovery as wrongful death beneficiaries.

63. Defendants to this action are jointly and severally liable.

**WHEREFORE**, Plaintiffs each claim damages and judgment in their favor and against defendant Mahlmeister in an amount in excess of $75,000.00 as to each plaintiff, plus costs, interest and damages for delay.  JURY TRIAL DEMANDED.

**COUNT III**
**CAROL REVELLO, et al. v. BUTLER MEMORIAL HOSPITAL**
**<u>Ostensible Agency Liability and Vicarious Liability</u>**

64. Plaintiffs incorporate by reference the allegations in all preceding paragraphs of this Complaint as though fully set forth herein.

65. At all times relevant hereto, defendant Mann was a staff physician and/or was otherwise a medical staff member of defendant Hospital.

66. At all times relevant hereto, Andrew looked to defendant Hospital for care.

67. At all times relevant hereto, defendant Hospital held defendant Mann out as its employee and/or agent.

68. At all times relevant hereto, defendant Hospital acted in a manner such that Andrew was led to the reasonable belief that he was being treated by the defendant Hospital and/or its employees and/or agents including, but not limited to, defendant Mann and defendant Malmeister.

69. At all times relevant hereto, a reasonably prudent person in Andrew's position would have been justified in the belief that the care in question was being rendered by defendant Hospital or its employees and/or agents including, but not limited to, defendant Mann and defendant Malmeister.

70. At all times relevant hereto, the care in question was advertised and/or otherwise represented to Andrew as being rendered by defendant Hospital or its employees and/or agents.

71. At all times relevant hereto, defendant Mann was acting in his capacity as an agent and/or representative of defendant Hospital.

72. At all times relevant hereto, defendant Mahlmeister was acting in her capacity as an agent, employee and/or representative of defendant Hospital.

73. Defendant Hospital bears liability for this action pursuant to Pennsylvania laws of vicarious liability and/or ostensible agency including, but not limited to, 40 P.S. § 1303.516.

74. Defendant Hospital is vicariously liable for the negligence of defendant Mann and/or for the negligence of defendant Mahlmeister and for all plaintiffs' injuries and damages as set forth above for both the survival and wrongful death claims, and/or as otherwise may be established at the time of trial.

75. Plaintiffs are asserting a vicarious liability/ostensible agency claim against defendant Hospital. A Certificate of Merit regarding this claim is attached as <u>Exhibit C</u>.

76. Plaintiffs are entitled to recovery of damages against defendant Hospital under the survival and wrongful death statutes as aforementioned and/or otherwise available under Pennsylvania law.

77. As a direct and proximate result of the aforementioned negligence claims for which defendant Hospital is vicariously liable and/or liable under ostensible agency, defendant Hospital is liable to plaintiffs for the Survival Action Damages and the Wrongful Death Damages as set forth above.

78. Defendants to this action are jointly and severally liable.

**WHEREFORE**, Plaintiffs each claim damages and judgment in their favor and against defendant Hospital in an amount in excess of $75,000.00 as to each plaintiff, plus costs, interest and damages for delay. JURY TRIAL DEMANDED.

<u>**COUNT IV**</u>
<u>**CAROL REVELLO, et al. v. BUTLER MEMORIAL HOSPITAL**</u>
<u>**Corporate Negligence**</u>

79. Plaintiffs incorporate by reference the allegations in all preceding paragraphs of this Complaint as though fully set forth herein.

80. At all times relevant hereto, defendant Hospital owed a non-delegable duty directly to Andrew.

81. At all times relevant hereto, defendant Hospital breached that non-delegable duty.

82. At all times relevant hereto, defendant Hospital was negligent in one, all or some of the following particulars:

   a. Failing to select and retain competent physicians including, but not limited to, physicians in the care, treatment, diagnosis, recognition and/or

      management of blunt force abdominal trauma and/or in the performance of urgent or emergency medical care following a motor vehicle crash.

   b. Failing to oversee physicians and staff who practice medicine within its facility as to patient care;

   c. Failing to formulate, adopt and/or enforce adequate rules and policies to ensure quality care for patients;

   d. Being otherwise systemically negligent as may be established at the time of trial.

83. At all times relevant hereto, defendant Hospital had actual or constructive knowledge of the defect(s) or procedure(s) that caused Andrew harm, damages and wrongful death as set forth above.

84. At all times relevant hereto, the defendant Hospital's direct negligence was a substantial factor in bringing about the harm, damages and/or wrongful death caused to the plaintiffs as set forth above.

85. At all times relevant hereto, there was a failure by defendant Hospital's staff member(s) and/or employee(s) to recognize and/or report to Hospital authorities acts and/or omissions which were not in accord with standard medical practice including, but not limited to, acts and omissions of defendant Mann and/or defendant Mahlmeister and, as a result, plaintiffs suffered the harms, damages and/or wrongful death as set forth above.

86. Plaintiffs are asserting a corporate/direct liability claim against defendant Hospital. A Certificate of Merit regarding this defendant is attached as Exhibit D.

87. Plaintiffs each seek all recoverable damages against defendant Hospital for its corporate negligence under the survival and wrongful death statutes as aforementioned and/or as otherwise available under Pennsylvania law.

88. As a direct and proximate result of defendant Hospital's corporate/direct negligence, Hospital is liable to plaintiffs for the Survival Action Damages and the Wrongful Death Damages as set forth above.

89. Defendants to this action are jointly and severally liable.

    **WHEREFORE**, Plaintiffs each claim damages and judgment in their favor and against defendant Hospital in an amount in excess of $75,000.00 as to each plaintiff, plus costs, interest and damages for delay. JURY TRIAL DEMANDED.

### COUNT V
### CAROL REVELLO, et al. v. BEPA
### Vicarious Liability

90. Plaintiffs incorporate by reference the allegations in all preceding paragraphs of this Complaint as though fully set forth herein.

91. At all times relevant hereto, defendant Mann and Malmeister were employees of defendant BEPA.

92. At all times relevant hereto, defendant Mann was acting in his capacity as an employee, agent and/or representative of defendant BEPA.

93. At all times relevant hereto, defendant Mahlmeister was acting in her capacity as an employee, agent and/or representative of defendant BEPA.

94. Defendant BEPA bears vicarious liability for the negligence of defendant Mann and/or defendant Mahlmeister. A Certificate of Merit regarding defendant BEPA is attached as Exhibit E.

95. Plaintiffs seek all recoverable damages against defendant BEPA under the survival and wrongful death statutes as aforementioned and/or otherwise available under Pennsylvania law.

96. As a direct and proximate result of defendant BEPA's vicarious liability, defendant BEPA is liable to plaintiffs for the Survival Action Damages and the Wrongful Death Damages as set forth above.

97. Defendants to this action are jointly and severally liable.

**WHEREFORE**, Plaintiffs each claim damages and judgment in their favor and against defendant Butler Emergency Professional Associates, Ltd. in an amount in excess of $75,000.00 as to each plaintiff, plus costs, interest and damages for delay. JURY TRIAL DEMANDED.

Respectfully submitted,

/s/ Aaron P. Berg
DONALD E. CARAVONA (OH Reg. 0029855)
AARON P. BERG (OH Reg. 0074045)
**CARAVONA & BERG, LLC**
50 Public Square, Suite 1900
Cleveland, Ohio  44113
(216) 696-6500
(216) 696-1411 (facsimile)
dcaravona@cbjustice.com
aberg@cbjustice.com
krohr@cbjustice.com
*Attorneys for Plaintiffs*

/s/ John D. Eddy
JOHN D. EDDY (PA ID# 32150)
EDDY, DELUCA, GRAVINA & TOWNSEND
Manor Building Penthouse
564 Forbes Avenue
Pittsburgh, PA  45219
(412) 281-5336
eddy@pghlaw.com
*Attorneys for Plaintiffs*